IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AZLEN ADIEU FARQUOIT MARCHET,<br><br>                  Petitioner,<br><br>v.<br><br>LARRY BENZON,<br><br>                  Respondent. | **MEMORANDUM DECISION & ORDER DENYING POST-JUDGMENT MOTIONS**<br><br>Case No. 2:19-cv-115-JNP<br><br>District Judge Jill N. Parrish |

On April 15, 2019, this petition was dismissed as apparently duplicative of other petitions that had already been filed by Petitioner. [Docket 2]. The Court concluded that Petitioner could include his potential issues from this case when he amended other petitions in other cases. This was based upon the generic nature and one-page format of the petition filed here and Petitioner's statement that he had "filed a similar Petition 4 months ago." [Docket 1].

On April 24, 2019, Petitioner asked the Court to re-instate this case. [Docket 3]. He argued that he had filed the generic one-page petition as a place holder only and then had filed or would file an amended petition with more detail showing this case involves a wholly different situation than his other petitions and therefore should not have been dismissed. Another month later, he moved for appointed counsel. [Docket 10]. And on May 31, 2019, Petitioner moved for relief from judgment under Federal Rule of Civil Procedure 60(b). [Docket 11].

**RULE 60(b) MOTIONS**

The request for reinstatement and the 60(b) motion are considered together under Rule 60(b).

In relevant part, Rule 60(b) reads:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> . . .
> (6) any other reason that justifies relief.

Fed. Civ. P. 60(b).

These motions are true Rule 60(b) motions. *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006) (stating under Tenth Circuit law that court must first determine "whether the motion is a true Rule 60(b) [or Rule 59(e)] motion[,] or a second or successive petition"); *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) (clarifying that not all 60(b) motions in federal habeas cases are second or successive petitions).

Petitioner argues that the Court mistakenly interpreted the petition here to be duplicative of other petitions filed in other cases by Petitioner. The Court made its interpretation based on the generic nature of the one-page petition filed here without reference to a particular state court conviction or particular grounds or facts that would make it possible to differentiate this petition from any other one filed in this Court, together with this statement in the petition, "Petitioner filed a similar Petition 4 months ago . . . ." [Docket 1]. Petitioner explains that he had filed this one-page petition as a place holder with intent to file an amended petition that would show that this case is unrelated to any other case that he has filed in this Court. [Dockets 3 & 11].

It may very well be true that, had Petitioner ever filed an amended petition or given any hint of how this petition involves a different issue or conviction than any of his other petitions in

other cases in this Court, this Court would have been clear that the petition here is not duplicative of other of Petitioner's cases and recognize there was a mistake. However, almost a year has passed since Petitioner first filed his petition here and Petitioner has still never tried to file an amended petition nor suggest what may be different about this case than any of his others.

Petitioner's 60(b) motions are thus denied.

## MOTION TO APPOINT COUNSEL

Petitioner's motion for appointed counsel is now considered.

Petitioner has no constitutional right to appointed *pro bono* counsel in a federal habeas corpus case. *See United States v. Lewis*, No. 97-3135-SAC, 91-10047-01-SAC, 1998 WL 1054227, at *3 (D. Kan. December 9, 1998). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), Rs. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion ask counsel to voluntarily donate legal services when "the interests of justice so require" for a "financially eligible person" bringing a federal habeas petition. *See* 18 U.S.C.S. § 3006A(a)(2)(B) (2019).

The Court has reviewed the filings here and determines that justice does not require appointed counsel. First, Petitioner has not asserted any colorable claims. *See Lewis*, 1998 WL 1054227, at *3; *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Second, Petitioner has shown—in other habeas cases, *Marchet v. Benzon*, No. 2:19-cv-394-TS (D. Utah filed June 7, 2019); *Marchet v. Benzon*, No. 2:18-cv-578-TC (D. Utah filed July 19, 2018); *Marchet v. Benzon*, No. 2:18-cv-577-TS (D. Utah filed July 19, 2018)—"the ability to investigate the facts necessary for [the] issues and to articulate them in a meaningful fashion." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Third, the issues in this case appear "straightforward

and not so complex as to require counsel's assistance." *Lewis*, 1998 WL 1054227, at *3; *Oliver*, 961 F.2d at 1343. Finally, Petitioner has not even tried to present a petition with any level of detail here. The Court therefore denies Petitioner's motion for appointed counsel.

## ORDER

**IT IS ORDERED** that:

(1) Petitioner's motions for relief from judgment are **DENIED**. [Dockets 3 & 11].

(2) a certificate of appealability is **DENIED**.

(3) Petitioner's motion for appointed counsel is **DENIED**. [Docket 10].

Signed January 14, 2020

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge