IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AZLEN ADIEU FARQUOIT MARCHET,<br><br>  Petitioner,<br><br>v.<br><br>LARRY BENZON,<br><br>  Respondent. | **MEMORANDUM DECISION & ORDER DENYING POST-JUDGMENT MOTIONS**<br><br>Case No. 2:19-cv-00115-JNP<br><br>District Judge Jill N. Parrish |

On April 15, 2019, the § 2254 petition in this case was dismissed as apparently duplicative of other petitions that had already been filed by Petitioner. (ECF No. 2.) The Court concluded that Petitioner could include his potential issues from this case when he amended other petitions in other cases. This was based upon the generic nature and one-page format of the petition filed here and Petitioner's statement that he had "filed a similar Petition 4 months ago." (ECF No. 1.)

On April 24, 2019, Petitioner asked the Court to re-instate this case. (ECF No. 3.) He argued that he had filed the generic one-page petition as a place holder only and then had filed or would file an amended petition with more detail showing this case involves a wholly different situation than his other petitions and therefore should not have been dismissed. And on May 31, 2019, Petitioner moved for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 11.)

The Court considered the two motions together under Rule 60(b). Petitioner argued that the Court mistakenly interpreted the petition in this case to be duplicative of other petitions filed in other cases by Petitioner. The Court noted that it had made its interpretation based on the generic

nature of the one-page petition filed here without reference to a particular state-court conviction or particular grounds or facts that would make it possible to differentiate this petition from any other one filed in this Court, together with this statement in the petition, "Petitioner filed a similar Petition 4 months ago . . . ." (ECF No. 1.) Petitioner explained that he had filed the one-page petition as a place holder with intent to file an amended petition that would show that this case was unrelated to any other case that he has filed in this Court. (ECF Nos. 3 & 11.)

In denying Petitioner's post-judgment motions, the Court stated,

> It may very well be true that--had Petitioner ever filed an amended petition or given any hint of how this petition involves a different issue or conviction than any of his other petitions in other cases in this Court--this Court would have been clear that the petition here is not duplicative of other of Petitioner's cases and recognized there was a mistake. However, almost a year has passed since Petitioner first filed his petition here and Petitioner has still never tried to file an amended petition nor suggest what may be different about this case than any of his others.

(ECF No. 18.)

Plaintiff now for a second time requests Rule 60(b) relief from the judgment. He argues that he had filed on April 1, 2019, a letter and amended petition in this case. He attaches a copy of a letter, stamped, "RECEIVED CLERK APR 01 2019 U.S. DISTRICT COURT." (ECF No. 20-1 at 2.) The letter reads:

> Dear Office of the Clerk,
> My name is Azlen Marchet. I submitted my habeas petition in case number 150906931. I do not know if the cops put it in the mail or not. I'd like to know if you (the Court) ever received my petition. This is extremely important. Please notify me.
> Sincerely,
> A. Marchet

(*Id*.) The Court has accessed Utah state court records and determined that case number 150906931 is one of Marchet's state district court post-conviction cases, but the docket of that case does not reveal which of Marchet's several convictions it regards.

He attaches to the copy of his letter a copy of a § 2254 petition that shows state district court case number 051903260, which appears identical in many respects to the petition he filed in a later § 2254 case in this Court. *Marchet v. Benzon*, No. 2:19-cv-00394-TS, ECF No. 1 (D. Utah June 7, 2019). The state district court case number on the petition filed in Case No. 2:19-CV-394 TS also reads "051903260." *Id*. So the very same state criminal case is being challenged in both the copy of the amended petition Petitioner allegedly and unsuccessfully tried to file in the current case (as per Petitioner's post-judgment motion in the current case) and the petition filed and still pending decision in 2:19-cv-00394-TS.

Based on Rule 60(b), Petitioner points to "(1) mistake, inadvertence, surprise or excusable neglect . . . (6) any other reason that justifies relief" as the applicable sections requiring relief from judgment here.[1] Fed. Civ. P. 60(b). However, his only argument is that the Court was mistaken that Petitioner did not file an amended petition in this case on April 1, 2019.

The Court was not mistaken. Based on the docket in this case, the Court never received the letter of March 27, 2019, a copy of which Petitioner attached to his current Rule 60(b) motion. And it never received in this case a copy of the petition Petitioner also attached to his current Rule 60(b) motion. Further, the letter does not specify which of Petitioner's five federal habeas cases in

---

[1] This motion is a true Rule 60(b) motion. *Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006) (stating under Tenth Circuit law that court must first determine "whether the motion is a true Rule 60(b) [or Rule 59(e)] motion[,] or a second or successive petition"); *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005) (clarifying that not all 60(b) motions in federal habeas cases are second or successive petitions).

this Court he refers to. And the stamp, "RECEIVED CLERK APR 01 2019 U.S. DISTRICT COURT," on the letter is unhelpful because (1) it does not show "filed," as it would have if the letter had been placed on a docket; (2) it does not identify which United States district court in the nation may have received it; and (3) as a copy, the letter and stamp could have been modified from any original.

Finally, there appears to be no prejudice to Petitioner in denying this motion because the state conviction he asserts he tried to pursue in this now-dismissed case is the same as that challenged in the habeas petition still pending in Case No. 2:19-cv-00394-TS, in this Court.

Petitioner's 60(b) motion is thus denied.

## ORDER

**IT IS ORDERED** that:

(1) Petitioner's motion for relief from judgment is **DENIED**. (ECF No. 20.)

(2) a certificate of appealability is **DENIED**.

DATED September 29, 2020.

BY THE COURT:

JILL N. PARRISH
United States District Judge